### J. C. Busby, Appellee, v. S. E. Baughman, Appellant.

EVIDENCE—*when admission of incompetent will not reverse.* The admission of incompetent evidence will not reverse if it is apparent from the whole record that notwithstanding such error a re-trial of the cause would result in a like verdict and judgment.

Action commenced before justice of the peace. Appeal from the Circuit Court of Christian county; the Hon. S. L. DWIGHT, Judge, presiding. Heard in this court at the May term, 1909. Affirmed. Opinion filed March 30, 1910.

J. C. & W. B. McBride, for appellant.

Frank P. Drennan, for appellee.

. Mr. Presiding Justice Baume delivered the opinion of the court.

This suit was originally instituted by the plaintiff against S. E. Baughman and James Sharp, before a justice of the peace, to recover $14.50 alleged to be due and unpaid to the plaintiff from the defendant Sharp, for work and labor performed for the defendant Baughman under an original contract between said Sharp and Baughman, for which amount the plaintiff had served a notice upon Baughman asserting a subcontractor's lien. From the judgment against said defendants rendered by the justice of the peace, the defendant Baughman prayed an appeal to the circuit court of Christian county, where upon a trial by jury the plaintiff recovered a judgment for $14.50, from which judgment said Baughman prosecutes this further appeal.

The only issue involved was whether or not at the time the plaintiff served notice upon Baughman of a subcontractor's lien, the said Baughman was indebted to Sharp, the original contractor, in an amount sufficient to cover the amount due the plaintiff and two other subcontractors, who had also served notices asserting liens, the total amount due said subcontractors being $55.75. It is conceded by counsel for appellant that the contract price for the construction by Sharp for Baughman of some buildings upon the latter's farm was $265 to be paid from time to time as the work progressed, and that during that time Baughman paid to Sharp upon said contract $219.68. It is further clearly apparent from the record that Sharp performed some extra labor for Baughman, the value of which was in dispute between the parties, which dispute is responsible for this litigation. We are satisfied from an ex-

amination of the competent evidence in the record that Baughman was indebted to Sharp upon the original contract and for extras in an amount sufficient to entitle plaintiff to recover the amount due him, and that notwithstanding the errors committed by the trial court in the admission of incompetent evidence a re-trial of the cause would result in a like verdict and judgment against appellant. As the judgment of the circuit court accomplished substantial justice without contravening any established rule of law it will be affirmed.

*Affirmed.*